UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANJEET SINGH,

        Petitioner,

    v.

TONYA ANDREWS,

        Respondent.

No.  1:26-cv-00457-DC-SCR (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(ECF Nos. 1, 10)

Petitioner is a federal immigration detainee representing himself in this habeas corpus action filed pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 4, 2026, the magistrate judge filed findings and recommendations, which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days.  ECF No. 10.  Respondent filed objections to the findings and recommendations.  ECF No. 11.  However, in those objections, Respondent merely states that she objects based on "the arguments already made in [her] responsive pleading."  (*Id.*)  Those arguments were addressed by the magistrate judge and have already been rejected by this court.  Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8

1

U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondent's objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 10) are ADOPTED;

2. Petitioner's application for a writ of habeas corpus (ECF No. 1) is GRANTED;

3. Petitioner is ordered to be released immediately from Respondent's custody with the same conditions that he was subject to prior to his redetention on June 23, 2025;

4. At the time of release, Respondent is required to return all of Petitioner's documents and possessions;

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for ongoing release must be considered;

/////

/////

/////

/////

2

6.  The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated:    **February 11, 2026**

Dena Coggins
United States District Judge

3